### In re MOFFETT.

(Supreme Court, Appellate Division, First Department. January 17, 1913.)

ATTORNEY AND CLIENT (§ 54*)—MOTION TO DISCIPLINE—PLEADING AND PROOF.

Where the charges of petitioner on motion to discipline an attorney are mainly general and indefinite, and unsustained by the slightest evidence, excepting some general statements by petitioner as to matters upon which he could have no personal knowledge and there is nothing reflecting on the attorney's professional conduct, the proceedings will be dismissed.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 73; Dec. Dig. § 54.*]

Motion to discipline Robert L. Moffett, an attorney. Dismissed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Robert Leslie Moffett, in pro. per.

William J. Underwood, of New York City, for respondent.

INGRAHAM, P. J. It appears that the petitioner had a claim against a corporation, known as the Queen Aëroplane Company, to recover which he brought two actions, one in the Municipal Court of the city of New York, the other in the City Court of the city of New York; that in those actions the respondent appeared as the attorney and counsel for the defendant, and the petitioner succeeded in recovering judgments. The petitioner, apparently considering that the respondent's defense to these actions had been improper, presented charges against the respondent to the Association of the Bar of the City of New York, which, after investigation, the association refused to prosecute. The petitioner then presented the same charges to the New York County Lawyers' Association, which also investigated and likewise refused to prosecute. Whereupon the petitioner, in his own behalf, presents the charges to this court.

There seem to be eleven separate specifications: First, that respondent entered into a conspiracy with one McCormick with the intent of defrauding the plaintiff of his claim; second, that he interposed an answer to the actions known to be false; third, that in the Municipal Court action the respondent gave testimony which was perjury; fourth, also relates to respondent's testimony in that action; fifth, that by interposing a false answer he deceived the court; sixth, that after the Municipal Court action was decided in favor of the petitioner the respondent filed an answer in the City Court action, which was false; seventh, also relates to this answer; eighth, that in the Municipal Court action the respondent approached a witness subpœnaed by the petitioner and had a talk with said witness, the result of which was that the testimony of said witness was not as satisfactory as it should have been; ninth, that respondent had made statements to petitioner that, unless petitioner took $750, the respondent would keep the case in the courts for several years; tenth, that respondent "used" unprofessional conduct all through the trial of the cases; eleventh, that the respondent made an application for an open commission to take testimony in St. Louis in bad faith and in the hope of delaying the trial and obtained an improper affidavit.

Now, these most general and indefinite charges are unsustained by the slightest evidence except some general statements by the petitioner with respect to most of which it was impossible that he should have had any personal knowledge. So far as there are any statements of fact in the petition, which could be known to the petitioner, they fail to establish the slightest ground for any charges against the respondent. A large number of exhibits, letters, and telegrams are annexed to the petition between the petitioner and other parties connected with the Queen Aëroplane Company, but which are not connected with the respondent. The respondent has submitted a complete answer to all of these somewhat irrelevant allegations. An examination of all the papers satisfies us that the charges are without any foundation. The petitioner having submitted these charges to the two Bar Associations in New York, and they having refused to entertain them on the ground that there was nothing to support them, the petitioner's personally presenting them to this court would appear to be in bad faith and

solely for the purpose of injuring the respondent. Such a proceeding under the circumstances is· one that the court cannot too strongly condemn. It suffices to say, however, that an examination of all these papers satisfies us that the charges are without foundation, and that nothing that appears in the papers submitted to us reflects at all upon the respondent's professional conduct.

The proceedings are therefore dismissed. All concur.